IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

WAYNE PORTER,
    PETITIONER,

vs.

THE UNITED STATES OF AMERICA,
    RESPONDENT.

CASE NO. 3:01-CV-577-1-V

**REQUEST FOR CERTIFICATE OF APPEALABILITY; OR IN THE ALTERNATIVE, MOTION MOTION FOR RECONSIDERATION**

Comes now Petitioner, Wayne Porter, and pursuant to Federal Rule Of Appellate Procedure 22(b) and respectfully moves the Court to grant a Certificate Of Appealability to be addressed by the parties.

In support of his application, Porter presents to the Court the following:

1. Acting pro se in the District Court, Porter placed in the United States Penitentiary's "Legal Mail Box" here at Lompoc, California his 28 U.S.C. §2255 motion, dated May 25, 2000 and received by District Court Clerk, Miss Betsy Wallace, on May 30, 2000. Porter's §2255 motion raised the following issues:

    A. THE JURY INSTRUCTIONS GIVEN WERE PLAINLY ERRONEOUS AND CONSTITUTIONALLY DEFICIENT, VIOLATING PETITIONER'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL BY FAILING TO PRODUCE A UNANIMOUS VERDICT AS TO EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSE.

    B. THE JURY INSTRUCTIONS WERE ALSO DEFECTIVE BECAUSE THEY PERMITTED THE JURY TO BASE THEIR GENERAL VERDICT ON VIOLATIONS OF TITLE 18 U.S.C. §§2 AND 1952 WHICH WERE LEGALLY INADEQUATE FOR A CONTINUING CRIMINAL ENTERPRISE CONVICTION.

    C. THE FAILURE OF PORTER'S COUNSEL TO OBJECT TO OR TO OTHERWISE CHALLENGE SUCH POTENTIALLY

>    PREJUDICIAL AND CONSTITUTIONALLY DEFICIENT
>    JURY INSTRUCTIONS CONSTITUTED INEFFECTIVE
>    ASSISTANCE OF COUNSEL.
>
> D. THE RECORD REFLECTS CAUSE AND PREJUDICE
>    EXCUSING PROCEDURAL DEFAULTS OF PETITIONER'S
>    SIXTH AMENDMENT CLAIM BASED UPON THE
>    DEPRIVATION OF HIS RIGHT TO A JURY TRIAL
>    NOTWITHSTANDING WHETHER HE RECEIVED
>    INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> E. IN LIGHT OF RICHARDSON [v. UNITED STATES] IT
>    IS PERTINENT FOR THIS COURT TO RE-REVIEW THE
>    ISSUES DECIDED BY THE UNITED STATES SUPREME
>    COURT AS IT PERTAINS TO PORTER, SHOWING A
>    CHANGE OF CIRCUMSTANCES.
>
> F. THE [UNITED STATES SUPREME COURT'S] DECISION
>    IN RUTLEDGE [v. UNITED UNITED STATES] ALSO
>    BARS CUMULATIVE PUNISHMENTS FOR CONSPIRACY
>    (§846) AND CONTINUING CRIMINAL ENTERPRISE
>    (§848).

2. On June 8, 2000, Miss Wallace refused to file Porter's 28 U.S.C. §2255 motion, and returned the motion to Porter with a kind and sincere appearing letter with instructions, and a form needed by Porter to seek authorization from the Fourth Circuit Court of Appeals for filing a successive §2255.

3. On December 15, 2000, Porter filed in the United States Court Of Appeals For The Fourth Circuit "Application For A Writ Of Mandamus" entitled In Re: Wayne Porter, No. 01-6013, raising two issues: (1) Did the clerk of court lack authority to refuse to file Porter's Title 28 U.S.C. §2255 motion? and, (2) Should Porter's 28 U.S.C. §2255 motion be deemed filed on May 30, 2000?

4. On August 1, 2001, Porter filed in the United States Court Of Appeals For The Fourth Circuit "Application For Leave To File A Second Or Successive Motion To Vacate, Set Aside, Or Correct Sentence 28 U.S.C. §2255 By A Prisoner In Federal Custody" raising the following issues:

A. THE JURY INSTRUCTIONS GIVEN WERE PLAINLY ERRONEOUS AND CONSTITUTIONALLY DEFICIENT, VIOLATING PORTER'S DUE PROCESS RIGHT, FIFTH AMENDMENT, AND SIXTH AMENDMENT RIGHT TO A JURY TRIAL BY FAILING TO PRODUCE A UNANIMOUS JUROR AGREEMENT ABOUT THE SPECIFIC VIOLATIONS CONSTITUTING THE "CONTINUING SERIES" OF FELONY DRUG OFFENSES OF THE CONTINUING CRIMINAL ENTERPRISE (CCE) OFFENSE.

B. PORTER WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL JUDGE GAVE AN ERRONEOUS JURY INSTRUCTIONS DIRECTING THE JURY TO CONSIDER VIOLATIONS OF TITLE 18 U.S.C. §1952 TRAVELING IN INTERSTATE COMMERCE AS PART OF THE "CONTINUING SERIES" OF CCE UNDERLYING OFFENSES IN THEIR DETERMINATION THAT PORTER HAD COMMITTED THREE OR MORE FELONY VIOLATIONS OF THE FEDERAL DRUG LAWS.

C. THE BUREAU OF PRISONS EXECUTION OF PORTER'S SENTENCES THAT WAS IMPOSED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, CASE NUMBER 82-70-CR-J-M, AND THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, CASE NUMBER CH-CR-85-62-01, CAUSED PORTER'S TO RECEIVE CUMULATIVE PUNISHMENT FOR A CONSPIRACY (§846) OFFENSE THAT WAS RELIED ON IN THE CCE PROSECUTION TO PROVE ONE OF THE "CONTINUING SERIES" OF PREDICATE OFFENSE UNDER §848.

D. PORTER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHEN HIS LAWYER FAILED TO PROTECT HIS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

5. On August 28, 2001, In Re: Wayne Porter, No. 01-148, the Fourth Circuit Court of Appeals by "Order", without explanation or opinion, denied Porter's request to file a successive application for relief, entered at the direction of Judge Hamilton, with the concurrence of Judge Williams and Judge Michael.

6. On September 18, 2001, entered at the direction of Judge Williams, with the concurrence of Judge Michael and Senior Judge

Hamilton, the Court granted Porter's writ of mandamus, requiring the District Court For The Western District Of North Carolina to file Porter's 28 U.S.C. §2255, and that due to the importance of the filing date, it should reflect May 25, 2000, due to the fact Porter was relying on Title 28, United States Code, Section 2255(3) to file an initial §2255 motion based on a newly recognized right.

7. On October 24, 2001, this Court entered an "Order" denying Porter's 28 U.S.C. §2255 motion for the following reasons: (1) Under the Antiterrorism And Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified ... by a panel of the appropriate court of appeals ..."; and, (2) "In the instant case Petitioner filed a previous motion to vacate (Case No. 3:19CV207-P) which was denied in July 1993.

Although this Court dismissed Porter's §2255 motion without prejudice as successive, and further stated: "If Petitioner wishes to pursue his claim, he must first file a request with the United States Court of Appeals for the Fourth Circuit for permission to file a successive petition." Thus, since Porter has already exhausted his successive motion issue in the Fourth Circuit (see, e.g., page 3, number 5), the only questions that remains unanswered is: (1) whether Porter can rely on 28 U.S.C. §2255, paragraph six, number three (hereafter, "2255(6)(3)"), to file an initial motion; (2) whether application of the one year limitation period set forth in Antiterrorism And Effective Death Penalty Act, for conduct that occurred prior to its enactment would wholly eliminate claims for substantive or remedial actions considered

timely under the old law, would allow Porter to resort to a 28 U.S.C. §2241 petition for a writ of habeas corpus in the district of confinement pursuant to the "savings clause" of 28 U.S.C. §2255, paragraph five.

A. **INTRODUCTION**

Before rendering a decision upon the instant application, Porter respectfully requests the Court's consideration that Porter is proceeding pro se without the assistance of counsel or someone trained in law to assist him in the preparation of this "Request For Certificate Of Appealability". See, e.g., Adams v. United States, 135 F.3d 582, 583-84 (2nd Cir. 1998), (describing widespread pre-AEDPA practice of liberally construing pro se federal prisoners post-conviction motions ... to "assist [] the prisoner-movant in dealing with legal technicalities"; modifying practice to guard against adverse consequences for petitioner that could arise because of AEDPA. See, also, McNeil v. United States, 508 U.S. 106, 113 (1993) ('[w]e have insisted that pleadings prepared by prisoner who do not have access to counsel be liberally construed ...").

B. **ISSUE ONE: DID THE DISTRICT COURT ERROR BY NUMERICALLY CHARACTERIZING PORTER'S 28 U.S.C. §2255 MOTION AS "SUCCESSIVE" WITHOUT FIRST DETERMINING WHETHER 28 U.S.C. §2255(3) ALLOWED PORTER TO BRING AN INITIAL §2255 MOTION WITHIN ONE YEAR OF THE SUPREME COURT'S DECISION IN RICHARDSON v. UNITED STATES?**

(A) The AEDPA as amended on April 24, 1996, requires the defendant to file an initial §2255 motion no more than one year after the latest of any four specified events. Porter's relies on

§2255, paragraph six, number three ("2255(6)(3)"). Title 28 U.S.C. §2255(6)(3) states:

> a 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Thus, to proceed under §2255(6)(3), Porter must demonstrate: (1) he is asserting a right that was initially recognized by the Supreme Court within one year of his motion; (2) the "right" asserted must be "newly recognized" by the Supreme Court; and, (3) the "right" must be "made" retroactively applicable to cases on collateral review.

Here, Porter asserts his constitutionally protected right to due process and trial by jury as initially and newly recognized by the Supreme Court in Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (decided June 1, 1999).

Upon, review, there is no question that the Supreme Court's decision in Richardson turns on an application of constitutional rights:

> Finally, this Court has indicated that the Constitution itself limits a State's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risk serious unfairness and lacks support in history or tradition ... We have no reason to believe that Congress intended to come close to, or to test, those constitutional limits when it wrote this statute. [21 U.S.C. §848].

Richardson, 134 L.Ed.2d at 994.

Furthermore, in Richardson the Supreme Court "newly

- 6 -

recognized" for the first time that the statute 21 U.S.C. §848 (CCE) requires jury unanimity in respect to each individual "violation". Id., at 977. The Court's holding in Richardson was contrary to the law as applied by the court in Porter's case, and this circuit at the time of Porter's trail, direct appeal, and first §2255:

> Recognizing a split in the Circuits on the matter, we granted certiorari. Compare United States v Edmonds, 80 F.3d 810, 822 (CA3 1996) (en banc) (jury must unanimously agree on which "violations" constitute the series), with United States v. Hall, 93 F.3d 126, 129 (CA4 1996) (unanimity with respect to particular "violations" is not required) ... We now conclude that unanity in respect to each individual violation is necessary.

Id., at 134 L.Ed.2d at 991-92.

Therefore, Porter's §2255(6)(3) motion is timely filed within the one year limitation period, and asserts a "right" which has been "newly recognized" by the Supreme Court, thereby satisfying the first two procedural requirements enumerated above.

The third procedural requirement requires a determination as to whether Richardson is retroactive to cases brought on collateral review under the provisions of §2255(6)(3).

The lower federal courts may express the retroactive effect of a "right" which has been "newly recognized by the Supreme Court."

As in all cases in which a defendant urges a collateral review of a sentence or conviction, the threshold question is not the existence of a constitutional defect, rather, the threshold procedural question pertinent to this motion is the determination of whether Richardson has retroactive effect to a initial motion

- 7 -

filed pursuant to §2255(6)(3).

Whether Richardson has retroactive effect to cases brought on collateral review is subject of controversy. Therefore, Porter squarely presents the following issue for determination by the Court:

> Did Congress, by excluding the language of Title 28 U.S.C. §2244(b)(2)(A): "by the Supreme Court" from the statutory language of Title 28 U.S.C. §2255 paragraph six, number three, intend that the lower federal courts may determine whether or not a right newly recognized by the Supreme Court has retroactive effect in cases seeking collateral review pursuant to Title 28 U.S.C. §2255 paragraph six, number three?

It is Porter's position that exclusion of the phrase "by the Supreme Court" from the construction of §2255(6)(3) is a broadening of the statute's language which permits the lower federal courts to express the retroactive effect of a right newly recognized by the Supreme Court. Compare, Ashley v. United States, No. 01-1733 (7th Cir. decided September 12, 2001):

> We said in Montenegro almost exactly what the district judge said here: that para. 6(3) and para. 8(2) should be read identically. What we did not say is why. On the very date that Montenegro was issued, a panel of the fifth circuit held to the contrary, that para. 6(3) differs from para. 8(2) in allowing district and appellate courts to make the retroactivity decision. United States v. Lopez, 248 F.3d 427, 431-32 (5th Cir. 2001) ... Our decision not only failed to grapple with the reasons given in Lopez, on which we have elaborated above, but also was issued before the Supreme Court released Tyler [v. Cain, 121 S.Ct. 2478], the definitive interpretation of para. 8(2). As we have observed, strands of the analysis in Tyler counsels against equating para. 6(3) and para. 8(2).

No. 01-1733 at page 6.

## C. ISSUE TWO: WHETHER APPLYING THE AEDPA'S ONE YEAR LIMITATION PERIOD TO CONDUCT THAT OCCURRED PRIOR TO THE STATUTE'S ENACTMENT IN A MANNER THAT WHOLLY ELIMINATES A PETITIONERS RIGHT TO PURSUE FEDERAL HABEAS RELIEF IS IMPERMISSIBLE RETROACTIVE.

The AEDPA of 1996 established a new procedure governing "second or successive" petitions for federal habeas corpus relief under §2244(b), which provides in pertinent part: "Before a second or successive application is filed in the district court, the applicant move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). In Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998), the court considered whether the new rules governing the one year limitation period mandated by the statute, would apply to petitions filed by prisoner whose statutory right to seek habeas corpus relief had occurred prior to the AEDPA's enactment. The court opined:

> However, in making its "cautious statement about procedural rules," Lind 521 U.S. at ___, 117 S.Ct. at 2064, the Landgraf Court recognized that there is nothing talismanic about identifying a rule as procedural if its application results in a genuinely retroactive effects. See Landgraf, 511 U.S. at 275 n. 29, 114 S.Ct. 1483. When application of a new limitation period would wholly eliminate claims for substantive rights or remedial actions considered timely under the old law, the application is "impermissibly retroactive." [emphasis in original].

Brown v. Angelone, 150 F.3d at 373. Also, the Court in Muller v. Angelone, 181 F.3d 557 (4th Cir. 1999), applied the Court's reasoning in Brown, supra, and came to the exact same conclusion:

> We agree with petitioner and those courts that, having had cause to consider the question in full, have concluded that the Supreme Court did not hold in Lind that courts are necessarily to

> apply the new provisions of chapter 153 to all habeas petitions filed after April 24, 1996. More particularly, we hold that *Lind* did not foreclose- and indeed contemplated -continued resort to the *Landgraf* analysis in order to ensure that application of chapter 153's new provisions is not impermissibly retroactive in such cases.

*Muller v. Angelone*, 181 F.3d at 567.

Thus, in accordance with the Court's holding in both *Brown* and *Muller*, and the Supreme Court's literal construction in *Boag v. MacDougal*, 454 U.S. 364, 365 (1982) of *pro se* petitioner's pleading; this Court must now consider whether applying the AEDPA's new and substantive gatekeeping standards to completely bar Porter would attach new legal consequences to events completed before the statute's enactment, and have an impermissible retroactive effect by applying the procedure as set forth by this circuit in *Muller v. Angelone* and collected cases therein.

If Porter had a right to initiate federal proceedings to secure release from confinement prior to the AEDPA, and had no such right thereafter, then the AEDPA has altered substantive rights and thereby attached new legal consequences to pre-enactment conduct.

When Porter filed his first §2255 motion in 1991, the existing law provided that a §2255 motion could be made at any time. Porter would have been allowed to prosecute another such motion if he could: (1) show cause for, and prejudice from, the omission of his claim or claims from his earlier motion (*i.e.*, that his proceeding would not constitute an "abuse of writ"); or (2) demonstrate "actual innocence." See 28 U.S.C. §2244; *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991);

Kuhlman v. Wilson, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). The pre-AEDPA, cause and prejudice, abuse of the writ standard, would have been sufficiently established and fully satisfied based upon a substantial statutory interpretation of law and substantive construction of a criminal statute, as both Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), and Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), establishes. The Supreme Court authority on which Petitioner primarily relies, had not yet been decided and was not yet available to him at the time of his first §2255 petition. Where a constitutional claim and its legal basis is not reasonably available, a defendant has sufficient cause for his failure to raise his claims in accordance with the applicable authority. Reed v. Ross, 468 U.S. 1, 16 (1984). Accord Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 1611 (1998) (showing that legal basis for claim was not reasonably available); Coleman v. Thompson, 501 U.S. 722, 750 (1991) (same); Selvage v. Collins, 494 U.S. 108 (1990) (no abuse occurred because legal basis for claim "enjoyed virtually no support in this circuit" until after denial of petitioner's first petition was affirmed).[1]

---

[1] See, Howard v. Moore, 131 F.3d 399, 403 (4th Cir. 1997) (en banc); Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998); In re Vial, 115 F.3d 1192 (4th Cir. 1997) (en banc).

D. ISSUE THREE: WHETHER THE "SAVING CLAUSE" OF THE FIFTH PARAGRAPH OF 28 U.S.C. §2255 SHOULD ALLOW PORTER TO RESORT TO WRIT OF HABEAS CORPUS 28 U.S.C. §2241 IN THE DISTRICT OF CONFINEMENT SHOULD THE COURT FIND THAT THE AEDPA BARS §2255 RELIEF?

A federal prisoner may file a habeas corpus petition pursuant to §2241 where his remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.

Porter concedes that the AEDPA bars him from filing a second §2255 without conceding he may file an initial §2255(3) motion in the district court.

Porter submits the following reasons why he should be granted relief by whatever avenue the court deems as proper: (1) Porter is the only prisoner in the United States federal prison system that is serving not concurrent, but consecutive prison terms for conspiracy (§846) and continuing criminal enterprise (§848) where the conspiracy (§848) was relied on as a predicate offense for conviction of CCE. Every appellate court, First through Eleventh, the District of Columbia, and the Supreme Court, have ruled that cumulative punishments for conspiracy (§846) and continuing criminal enterprise (§848) violates the Fifth Amendment's Double Jeopardy clause; (2) it's impossible to say whether the jury relied on proper Title 21 drug offenses when they found Porter guilty for CCE (§848) because the trial court instructed the jury they could rely on Title 18 §1952, traveling in interstate commerce offenses, as part of the continuing series for the CCE conviction. Again, every appellate court to address the issue, including the Fourth Circuit, has held that only Title 21 drug

offenses can support a CCE conviction. See, United States v. Brown, 202 F.3d 691 (4th Cir. 2000) ("However, the CCE statutes provides that only violations of subchapters I and II of Title 21 of the United States Code - drug violations - can constitute predicate offenses in the "continuing series. See 21 U.S.C. §848(c)"). Id., 202 F.3d at 700; and, (3) the trial court's instructions violated Porter's Fifth Amendment right to due process and Sixth Amendment right to a jury trial, failing to produce a unanimous verdict as to each of the essential elements of the offense.

Porter has filed §2255's, §2244's, §2241's, and no court has addressed any of Porter's claims since the United States Supreme Court's decisions in Rutledge. v. United States, 517 U.S. 292, 134 L.Ed.2d 419, 116 S.Ct. 1241 (1996), held that cumulative punishment for conspiracy (§846) and continuing criminal enterprise (§848) violated the Double Jeopardy Clause; Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), holding that the CCE statute required unanimous juror agreement as to the CCE predicate offenses; which was not required by the trial court in Porter's case, beside the fact that the Fourth Circuit Court of Appeals reversed five of the CCE predicate offense counts the jury convicted Porter of, finding that the jury had erred because there was insufficient evidence to support the jury's verdict of guilt on those counts. See, United States v. Porter, 821 F.2d 968 (4th Cir. 1987) at 975. The Fourth Circuit's holding in United States v. Brown, 202 F.3d 691 (2000), that only Title 21 drug violations could be used as predicate offenses to

support a CCE conviction-- stating that: "in these circumstances, we are unable to conclude that the jury necessarily agreed upon the specific predicate acts constituting the required continuing series." 202 F.3d at 700.

Furthermore, Porter incorporates all the reasons that was raised, and addresses in his 28 U.S.C. §2255 motion in the district court, for support why he should be allowed relief in his request for Certificate of Appealability.

## CONCLUSION

For the foregoing legal reasons, legal principles, legislative and case facts, permission to proceed in the District Court should be granted or an order with instruction(s) given that permission is not required for Porter to properly and effectively proceed in the District Court under 28 U.S.C. §2255(3), or in the alternative, that Porter be allowed to proceed by writ of habeas corpus in the district of confinement.

Respectfully submitted, this the 20th day of November, 2001.

WAYNE PORTER  
REG. NO. 00622-043  
UNITED STATES PENITENTIARY  
3901 KLEIN BOULEVARD  
LOMPOC, CA 93436-2706

## CERTIFICATE OF SERVICE

I, Wayne Porter, hereby certify under the penalty of perjury, that the foregoing is true and correct, and that on November 20th, 2001, I placed postage first class prepaid, one copy of the "Request For Certificate Of Appealability; Or In The Alternative, Motion For Reconsideration" to which this certificate is attached addressed as follows:

        MR. KENNETH D. BELL
        ASSISTANT UNITED STATES ATTORNEY
        401 WEST TRADE STREET
        ROOM 221
        CHARLOTTE, NORTH CAROLINA 28202

This the <u>20th</u> day of November, 2001.

        _____
        WAYNE PORTER
        REG. NO. 00622-043
        UNITED STATES PENITENTIARY
        3901 KLEIN BOULEVARD
        LOMPOC, CA 93437-2706